NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WORLDWIDE DOOR COMPONENTS, INC.,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES, ENDURA PRODUCTS, INC.,**
*Defendants*

**ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,**
*Defendant-Appellant*

---

2023-1532

---

Appeal from the United States Court of International Trade in No. 1:19-cv-00012-TCS, Senior Judge Timothy C. Stanceu.

-------------------------------------------------

**COLUMBIA ALUMINUM PRODUCTS, LLC,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES, ENDURA PRODUCTS, INC.,**
*Defendants*

**ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,**
*Defendant-Appellant*

_____

2023-1534

_____

Appeal from the United States Court of International Trade in No. 1:19-cv-00013-TCS, Senior Judge Timothy C. Stanceu.

_____

PER CURIAM.

# O R D E R

Given our review of the Court of International Trade's judgment sustaining the Department of Commerce's ("Commerce") under-protest decision in the Third Remand Redetermination, *see Worldwide Door Components, Inc. v. United States*, 606 F. Supp. 3d 1363 (Ct. Int'l Trade 2022),

IT IS ORDERED THAT:

The parties are directed to file supplemental briefs, not to exceed five, single-spaced pages each, addressing the following questions:

(1) To which of Commerce's decisions does this court owe deference, given that Commerce's decision comes after three remands and Commerce's last decision was made under protest? What effect, if any, do Commerce's holdings in its Final Determination, First Remand Redetermination, Second Remand Redetermination, and Third Remand Redetermination, have on this court's standard of review? *See Meridian Prods., LLC v. United States*, 890 F.3d 1272, 1276–77, 1276 n.3 (Fed. Cir. 2018) (reviewing Commerce's original scope determination for substantial evidence after the CIT remanded and Commerce issued a remand redetermination agreeing with the CIT under protest); *Viraj*

*Grp., Ltd. v. United States*, 343 F.3d 1371, 1377 n.2 (Fed. Cir. 2003) ("Because of the odd posture of this appeal, we clarify that we consider Commerce's interpretation to be its initial interpretation, not its later interpretation, which it adopted under protest, even though it was that later interpretation that was technically embodied in the decision that we are reviewing.").

(2) What effect, if any, does the government's decision not to appear or appeal in these consolidated cases have on our standard of review?

The supplemental briefs for all parties are due no later than July 8, 2024.

The court also invites the United States Secretary of Commerce to file a brief as described above. The court further invites the Secretary to participate in the oral argument scheduled for July 11, 2024, at 10:00 a.m. The Secretary will be given five minutes of oral-argument time. The oral-argument time allotted to the parties remains unchanged. Any response to notice of oral argument by the Secretary is due no later than July 8, 2024.

FOR THE COURT

June 27, 2024
Date

Jarrett B. Perlow
Clerk of Court