2023-1532, 2023-1534
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
_____

WORLDWIDE DOOR COMPONENTS, INC.,

*Plaintiff-Appellee*

v.

UNITED STATES, ENDURA PRODUCTS, INC.,

*Defendants*

ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,

*Defendant-Appellant*

_____

2023-1532

_____

Appeal from the United States Court of International
Trade in No. 1:19-cv-00012-TCS, Senior Judge Timothy C. Stanceu
_____

COLUMBIA ALUMINUM PRODUCTS, LLC,

*Plaintiff-Appellee*

v.

UNITED STATES, ENDURA PRODUCTS, INC.,

*Defendants*

ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,

*Defendant-Appellant*

_____

2023-1534

_____

Appeal from the United States Court of International
Trade in No. 1:19-cv-00013-TCS, Senior Judge Timothy C. Stanceu
_____

**SUPPLEMENTAL BRIEF OF *AMICUS CURIAE*, THE UNITED STATES**

JON ZACHARY FORBES  
Staff Attorney  
Office of the Chief Counsel  
  for Trade Enforcement and Compliance  
U.S. Department of Commerce  
Washington, D.C.  
(202) 779-0204

BRIAN M. BOYNTON  
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY  
Director

CLAUDIA BURKE  
Deputy Director  
TARA K. HOGAN  
AIMEE LEE  
Assistant Directors  
Commercial Litigation Branch  
Civil Division  
Department of Justice  
P.O. Box 480, Ben Franklin Station  
Washington, DC 20044  
Tel.: (202) 616-2228  
*Counsel for Amicus*

July 8, 2024

# SUPPLEMENTAL BRIEF
# OF *AMICUS CURIAE*,[1]
# THE UNITED STATES

Pursuant to the Court's June 27, 2024, Order (Dkt. No. 50), amicus curiae, the United States, submits this supplemental brief in response to the Court's questions.

**Question 1**

To which of Commerce's decisions does this court owe deference, given that Commerce's decision comes after three remands and Commerce's last decision was made under protest? What effect, if any, do Commerce's holdings in its Final Determination, First Remand Redetermination, Second Remand Redetermination, and Third Remand Redetermination, have on this court's standard of review? *See Meridian Prods., LLC v. United States*, 890 F.3d 1272, 1276-77, 1276 n.3 (Fed. Cir. 2018) (reviewing Commerce's original scope determination for substantial evidence and after the CIT remanded and Commerce issued a remand redetermination agreeing with the CIT under protest); *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1377 n.2 (Fed. Cir. 2003) ("Because of the odd posture of this appeal, we clarify that we consider Commerce's interpretation to be its initial interpretation, not its later interpretation, which it adopted under protest, even though it was that later interpretation that was technically embodied in the decision that we are reviewing.").

**Response:**

The Court reviews Commerce's original scope determination because the question on appeal is whether the Court of International Trade erred in remanding the matter in the first place. To answer this question, the Court must review whether Commerce's original determination was supported by substantial evidence and in accordance with law.

---

[1] The Court addressed its invitation to the Secretary of Commerce. Dkt. No. 50. But because the case is captioned against the United States as defendant, we submit our response on behalf of the United States. We appear as *amicus* because this is the typical way that the United States appears when we have not appealed the trial court's judgment, are not a party to the Court's proceedings as defendant-appellee, and the Court has requested our appearance.

It is an established principle of appellate review that on an appeal from a final judgment, an appellant may challenge interlocutory orders that affected the trial court's ultimate disposition of the case. *See Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986) (discussing the final judgment rule). This is no different for appeals from the Court of International Trade when that court has issued one or multiple remands—none of the court's interim decisions is appealable until the judgment is final—in this case, when the Court of International Trade sustained Commerce's third remand determination. *See id.; see also Altx, Inc. v. United States and United States Int'l Trade Comm'n*, 370 F.3d 1108, 1117 (Fed. Cir. 2004) (in an International Trade Commission appeal, stating "our jurisdiction attaches as the result of the *final* Court of International Trade decision [] . . . but nonetheless encompasses the entirety of the proceedings before the court, including intermediate remand orders that would not, independently, be appealable.") (emphasis in original).

Defendant-appellant, the Aluminum Extrusions Fair Trade Committee, in its capacity as an intervenor of right and party to the proceeding before Commerce, appealed the propriety of the Court of International Trade's first remand order. *See* Appln't Br. at 2, 18. This Court determines the propriety of that first remand order by reviewing Commerce's original scope determination. This is what the Court recently did in *Saha Thai Steel Pipe Pub. Co. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024), with an analogous fact pattern. Commerce had issued an initial scope ruling in which the agency determined that certain "dual-stenciled pipes fell within the scope of" an existing antidumping duty order (the Thailand Order). *Id.* at 1319. The Court of International Trade held that Commerce had "unlawfully expanded the scope of the Thailand Order by determining that it covered dual-stenciled pipes," *id.* at 1321, and it "remanded to Commerce to reconsider its *Scope Ruling* based on the court's analysis," *id.* at 1322. "[T]o comply with the remand order, Commerce" issued a remand determination in which it "concluded, under protest, that the Thailand Order did not cover dual-stenciled pipes." *Id*.

A domestic-industry participant then appealed to this Court, arguing that the Court of International Trade had "erred in its analysis and should have affirmed Commerce's determination in its *Scope Ruling*." 101 F.4th at 1325. The Court concluded that "Commerce's determination that imports of dual-stenciled pipes from Thailand are within the scope of the Thailand Order on standard pipes is supported by substantial evidence. As a result, [the court] reverse[d] the judgment of the Court of International Trade that affirmed Commerce's *Remand*

2

*Determination.*" *Id.* The Court here in *Worldwide* should take the same procedural approach.

As for the second part of question 1 on the standard of review, the Court reviews the Court of International Trade's remand order and the original final scope determination under 19 U.S.C. § 1516a(b)(1)(B)(i). That is, the Court holds unlawful Commerce's determination if it is unsupported by substantial evidence or not in accordance with law. The deciding factor in determining the standard of review for a remand order is "whether the record before the [court] need[ed] further explanation in order for the court to understand and properly evaluate the agency's action." *Diamond Sawblades Mfrs. Coalition v. United States*, 612 F.3d 1348, 1357 (Fed. Cir. 2010) (quoting *Taiwan Semiconductors Indus. Ass'n v. Int'l Trade Comm'n*, 266 F.3d 1139, 1344 (Fed. Cir. 2001)). If a remand is simply for additional explanation, that is within the Court of International Trade's discretion and the order is reviewed for abuse of discretion. *Id.* If a remand requires an "actual review of the evidence" and could result in a change in position, review is for substantial evidence. *Id.* (discussing *Nippon Steel Corp. v. Int'l Trade Comm'n*, 494 F.3d 1371, 1378 (Fed. Cir. 2007)).

Here, the Court of International Trade required Commerce to reevaluate the evidence under that court's view of the scope's "finished merchandise exclusion." Because this direction required Commerce to reconsider the record evidence and potentially arrive at a different conclusion, the review is for substantial evidence. This standard of review applies regardless of the number of or the content of Commerce's three remand determinations.

This is exactly what the Court did in *Meridian.* As the Court characterized it in its order, in *Meridian*, the Court "review[ed] Commerce's original scope determination for substantial evidence after the CIT remanded and Commerce issued a remand redetermination agreeing with the CIT under protest." Dkt. No. 50. It made no difference that Commerce had issued subsequent remand determinations under protest. An appeal may still be brought by the party (whether the United States or the intervenor) challenging the Court of International Trade's original remand order (or any order preceding the final judgment).

The Court also asks what deference it should give Commerce's determination, quoting language from *Viraj,* 343 F.3d at 1377 n.2. The Court accords no particular deference to Commerce, other than what is required by the standard of review. The merits question in *Viraj* was whether Commerce should

3

have used a currency exchange rate on the date of sale or the date of payment. The court held the statute was unambiguous, and then went on to hypothesize it would still hold Commerce's decision reasonable, even under *Chevron*. *Viraj*, 343 F.3d at 1377 ("Even if we were to accord Commerce deference pursuant to *Chevron* . . . we certainly *would* hold" Commerce's interpretation was reasonable. (emphasis added)). Unlike *Viraj,* this appeal does not present a question of statutory interpretation—the issue is only whether Commerce's original scope determination is supported by substantial evidence.

Still, defendant-appellant refers in its brief to the "significant deference" owed to Commerce's own interpretation of scope orders. Appln't Br. at 18 (citing *Shenyang Yuanda Aluminum Indus. Eng'g Co. v. United States*, 776 F.3d 1351, 1354 (Fed. Cir. 2015)). We view the language in *Shenyang* as the Court's acknowledgment of the very technical issues involved in antidumping and countervailing duty cases and Commerce's "special competence" and "expertise" in addressing these issues. The Court similarly often recognizes the "due respect" it pays the Court of International Trade for its specialized expertise, but always within the confines of the statutory standard of review. *See also Saha Thai*, 101 F.4th at 1322-23 (paying "due respect" to Court of International Trade's trade expertise but reaffirming the standard of review.). Commerce's scope language governs subsequent proceedings (often lasting decades), but Commerce's determination whether a particular product falls within the scope language is still reviewed for substantial evidence and lawfulness. Indeed, the substantial evidence standard itself incorporates the deference owed to the agency. *See Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) ("This Court has described the APA court/agency 'substantial evidence' standard as requiring a court to ask whether a 'reasonable mind might accept' a particular evidentiary record as 'adequate to support a conclusion.'") (citations omitted).

## Question 2

What effect, if any, does the government's decision not to appear or appeal in these consolidated cases have on our standard of review?

## Response:

The government's decision not to appear or appeal in these consolidated cases has no effect on the Court's standard of review. The intervenor in this case has independent standing to appeal the Court of International Trade's judgment and may challenge Commerce's original scope determination through this appeal. The

government's decision not to appear or appeal merely reflects its reasoned consideration not to pursue the appellate process, and its decision not to defend its third remand determination. That decision has no impact on the standard of review applicable to the claims raised by those parties that did elect to appeal.

Again, this is similar to *Saha Thai* and *Meridian*. In *Saha Thai*, the government neither pursued its own appeal nor participated in the domestic-industry appeal. *See* 101 F.4th at 1310 (caption); *id.* at 1314 (list of participating counsel). The Court nevertheless allowed the domestic-industry appellant to challenge the Court of International Trade's initial no-substantial-evidence determination; concluded that Commerce's initial scope determination had been supported by substantial evidence; and reversed the Court of International Trade's final judgment sustaining Commerce's under-protest remand determination. *See id.* at 1325. The government likewise did not appeal or appear in *Meridian*, *see* 890 F.3d at 1272-73, yet the Court conducted substantial evidence review of Commerce's initial scope determination, *see id.* at 1277-1280, and agreed with petitioner that the Court of International Trade, in finding a lack of substantial evidence, had "impermissibly substituted its judgment for that of Commerce," *id.* at 1278. Similarly here, the government's decision not to appeal or to appear in the domestic-industry appeal does not prevent the appellant from arguing that Commerce's initial scope determination was supported by substantial evidence and therefore should have been sustained.

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | /s/ Patricia M. McCarthy<br>PATRICIA M. McCARTHY<br>Director |
|  | /s/ Claudia Burke |
| JON ZACHARY FORBES<br>Staff Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C.<br>(202) 779-0204 | CLAUDIA BURKE<br>Deputy Director<br>TARA K. HOGAN<br>AIMEE LEE<br>Assistant Directors<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 616-2228 |
| July 8, 2024 | *Counsel for Amicus* |

# CERTIFICATE OF COMPLIANCE

Pursuant to the Court's June 27, 2024 Order and Rule 32 of the Rules of this Court 32(a)(7), I certify that the foregoing brief contains 1852 words, excluding the parts of the brief exempted by the rule and complies with the Order's requirements. The brief complies with the typeface requirements and type style requirements of Fed. R. App. P. 32(a)(5) and has been prepared using Times New Roman 14-point font, a proportionally spaced typeface.

<u>/s/ Claudia Burke</u>